MFP 933 Broadway LP v 933 Broadway, LLC (2022 NY Slip Op 06640)

MFP 933 Broadway LP v 933 Broadway, LLC

2022 NY Slip Op 06640

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 651879/20 Appeal No. 16719 Case No. 2021-03575 

[*1]MFP 933 Broadway LP, Plaintiff-Appellant,
v
933 Broadway, LLC, Defendant-Respondent, Old Republic National Title Insurance Company etc., Defendant.

Zuckerman Gore Brandeis & Crossman, LLP, New York (John K. Crossman of counsel), for appellant.
Wachtel Missry LLP, New York (Joseph Lee Matalon of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about September 1, 2021, which denied plaintiff's motion for summary judgment and granted defendant 933 Broadway, LLC's motion for summary judgment dismissing the complaint and as to liability on its counterclaims, unanimously affirmed, without costs.
The motion court correctly construed General Construction Law §§ 19 and 20 to calculate two business days before the parties' scheduled closing of Monday, May 11, 2020 to be Thursday, May 7, 2020. Although plaintiff-purchaser maintains it was entitled to terminate the agreement based on defendant-seller's purported failure to deliver the tenant estoppel certificates by the deadline of two business days before the closing, that deadline had not yet expired when plaintiff sent its May 7, 2020 letter, delivered by email at 1:56 p.m., declaring the parties' agreement terminated and demanding the return of its deposit. Given defendant's right under section 7(a)(xv) of the agreement to extend the closing date to obtain the estoppel certificates, plaintiff's letter constituted a clear and unequivocal repudiation of its obligations under the agreement before the deadline for defendant's performance had passed (see e.g. Jacobs Private Equity, LLC v 450 Park LLC, 22 AD3d 347, 347 [1st Dept 2005] [a repudiation requires "a definite and final communication . . . of [an] intention to forgo . . . obligations" under the agreement], lv denied 6 NY3d 703 [2006]). Contrary to plaintiff's assertion, its unilateral attempt to terminate the agreement before the deadline for defendant to deliver the tenant estoppel certificates or seek an extension of time to do so constituted a repudiation, because "[a] party cannot prevent the fulfillment of a contractual condition and then argue failure of that condition as a defense to a claim that it breached the contract" (RSB Bedford Assoc., LLC v Ricky's Williamsburg, Inc., 91 AD3d 16, 23 [1st Dept 2011]).
As the motion court correctly determined, plaintiff's assertion that defendant could not deliver proper tenant estoppel certificates even if it exercised its right to extend the time to do so is unavailing. Under section 7(a)(xiv) of the agreement, the tenant estoppel certificates were required to disclose defendant's defaults but not the tenant's own. Alternatively, the tenants could use the form of estoppel certificate attached to their respective leases, which also did not require the tenants to disclose their own defaults. To the extent plaintiff maintains that whether a tenant was in default was information that could be "reasonably requested" under the tenants' leases, section 7(a)(xv) states that the tenants were not required to disclose "reasonably requested" information, even if their respective leases required it.
Although section 6(a)(ix) required defendant to warrant that there were no tenant defaults as of the agreement's effective date of March 11, 2020, plaintiff does not deny that a tenant's [*2]refusal to pay rent and another tenant's bankruptcy petition occurred in April and May 2020 respectively. Section 7(c)(iv) specifically enumerates the section 6(a)(ix) representation as subject to "seller's representations update," which permitted defendant to disclose, as of the closing date, "any changed facts or circumstances not within Seller's reasonable control, but subject to the other provisions of this Agreement," which would be "deemed modified and amended" under section 6(c) of the agreement.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022